IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN A. MCGEE,

      Petitioner

v. : CIVIL NO. 3:CV-08-1663

WARDEN JERRY MARTINEZ,

: (Judge Conaboy)

      Respondent

FILED SCRANTON
NOV 17 2011
PER ___ / DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Steven A. McGee, an inmate presently confined at the Federal Detention Center, Miami, Florida ("FDC-Miami"). Named as Respondent is Warden Jerry Martinez who is employed at Petitioner's prior place of confinement, the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSCI-Allenwood").

By Memorandum and Order dated September 10, 2008, McGee was granted in forma pauperis status for the sole purpose of the filing of this action. In addition, McGee's petition was denied without prejudice to any right he may have to reassert his present claims in a properly filed civil rights complaint. On December 2, 2010, the United States Court of Appeals for the Third Circuit vacated the September 10, 2008 Memorandum and Order and remanded McGee's action for consideration on the merits.

1

After entering a guilty plea to drug related charges, Petitioner was sentenced by the United States District Court for the Western District of Michigan to serve a one hundred and twenty (120) month term of incarceration and to pay a ten thousand dollar ($10,000.00) fine. The sentence further instructed that payment of the fine was to be made from McGee's prison earnings at a rate of $20.00 dollars per month with the remaining balance to be paid at an increased rate upon Petitioner's release from confinement. See Doc. 1, Exhibit C, p. 20.

Petitioner's pending action does not challenge either the legality of his federal criminal conviction or resulting sentence.[1] McGee also does not allege that the length of his sentence has been improperly calculated by the Bureau of Prisons ("BOP"). Rather, McGee seeks federal habeas corpus relief with respect to action taken by correctional officials pursuant to the BOP's Inmate Financial Responsibility Plan ("IFRP").

Specifically, he contends that LSCI-Allenwood officials improperly computed the amount of his monthly IFRP payments and thereafter placed him on IFRP refusal status. Specifically, he claims that the calculation method employed by prison officials when applied to his $5.25 monthly prison earnings is contrary to the provisions of his federal sentence.

---

1. McGee acknowledges that at the time this matter was initiated, he was also attacking his federal sentence via a motion pursuant to 28 U.S.C. § 2255 which he filed in the United States District Court for the Western District of Michigan. See Doc. 1, p. 1.

As a result of the IFRP refusal designation, McGee avers that he has been subjected to institutional sanctions, including being restricted to "$25.00 a month total commissary spending." Doc. 1, p. 2. This commissary restriction has purportedly denied Petitioner the ability to photocopy legal records which he wishes to file as exhibits in support of his pending § 2255 action. McGee concludes that the actions taken by prison officials under the IFRP are violating his right of access to the courts. As relief, he asks that the IFRP refusal designation and related sanctions be vacated and that his former status and privileges be reinstated. See id. at p. 3.

## Discussion

### Standard of Review

Federal habeas corpus review under § 2241 allows a federal prisoner to challenge the "execution of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Under the IFRP, federal prisoners are encouraged to meet their financial responsibilities by entering into a contractual

payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review.

In Costigan v. Yost, 318 Fed. Appx. (3d Cir. 2008), the Court of Appeals addressed a claim regarding the IFRP and collection of a felony assessment and concluded that it was properly raised under § 2241.[2] A subsequent decision issued by the United States Court of Appeals for the Third Circuit on May 22, 2009 recognized that an IFRP challenge "may also be more appropriately brought as a civil rights action." United States v. Wynn, 328 Fed. Appx. 826, 829, n. 3 (3d Cir. 2009).

However, in a later September 15, 2009 decision, the Third Circuit Court of Appeals recognized that an IFRP related claim sounded in habeas corpus. See Pinet v. Grondolsky, 345 Fed. Appx. 805, 806 (3d Cir. 2009)(an inmate who "challenges the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule regarding the imposed fine, the claim falls squarely within the purview of a section 2241

---

2. Nonetheless, Costigan held because the sentencing court was not required to set up a payment schedule with respect to its imposition of a special assessment, there was no impermissible delegation of authority to the BOP and thus, no basis for federal habeas corpus relief. Costigan clearly undermines the merits of Petitioner's pending claim.

4

petition."); Millegan v. Martinez, 2010 WL 174873 *1 (M. D. Pa. Jan. 12, 2010)(Caputo, J.).

With respect to McGee's pending action, the Court of Appeals has determined that this matter is an instance where McGee can bring an IFRP related challenge under § 2241 since the BOP is "'putting into effect' and 'carrying out' the fine portion of McGee's sentence." Doc. 27-1, p. 6.

## Jurisdiction

Petitioner argues that this Court lacks jusidiction over this matter due to his transfer to FDC-Miami. "The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)(emphasis in original)(citations omitted).

However, it has also been recognized that a habeas corpus petitioner's subsequent transfer out of a judicial district does not defeat jurisdiction. Bah v. Wagner, 2005 WL 83259 (E.D. Pa. Jan 13, 2005). Since this Court had proper jurisdiction over

Petitioner's custodial official when this matter was initiated, it retains jurisdiction.

**IFRP Calculation**

Respondent initially argues that any claim by McGee that the IFRP is unconstitutional is not a viable basis for federal habeas corpus relief. See Doc. 28, p. 3. This Court concurs that the Third Circuit Court of Appeals has clearly recognized that the IFRP is constitutional. See Pinet 345 Fed Appx. at 807; James v. Quinlan, 866 F.2d 627, 630-31 (3d Cir. 1989).

However, at issue in the present matter is whether the BOP's implementation of the IFRP with respect to the payment terms imposed on McGee conflicted with the directives set forth by the sentencing court.

The sentence imposed by the Western District of Michigan with respect to payment of McGee's criminal monetary penalties during the period of his incarceration states, "Payment is to be made from prison earnings at a rate of $20.00 per month and is to begin no later than one year from the date of this judgment." Doc. 1, Exhibit C, p. 20.

While initially confined at the McKean Federal Correctional Institution, Bradford, Pennsylvania (FCI-McKean), Petitioner states that he agreed to participate in the IFRP and make a minimum payment of $25.00 dollars per quarter. See Doc. 2, ¶ 5. During December, 2005, Petitioner was transferred to LSCI-Allenwood. He

6

continued on the same IFRP plan whereby he initially continued to make a minimum $25.00 payment per quarter. See id.

Respondent acknowledges that on January 17, 2006, Petitioner's Unit Team determined that the prisoner should pay $60.00 per quarter. McGee agreed. However, the Respondent contends that on May 1, 2006 McGee requested to be placed on IFRP refusal status.

The Response further provides that on January 31, 2007, McGee signed a new IFRP contract which required a $25.00 IFRP payment per month.[3] See Doc. 28, p. 2. On May 8, 2007, Petitioner was again placed on IFRP refusal status. This habeas corpus petition was filed in September 2008.

Respondent contends that the BOP may consider funds from institution resources or non-institution resources in determining the ability to participate in the IFRP program. See Doc. 28, p. 4. This Court agrees that generally speaking prison officials may consider all sources of monies received by a prisoner in computing the amount of an IFRP payment. However, as opined by the Court of Appeals, the issue before this Court is whether the BOP's proposed

---

3. Petitioner concurs that several months after arriving at LSCI-Allenwood, prison officials requested Petitioner to increase his IFRP payment to $75.00 per quarter.
This proposed increase was apparently based upon the fact that prison officials learned that McGee had a substantial amount of money in his inmate account.

7

IFRP increase conflicted with the terms imposed by the sentencing court.

As discussed earlier, the sentence imposed by the Western District of Michigan clearly stated that payment of the fine was to be made from McGee's prison earnings at a rate of $20.00 dollars per month or $60.00 dollars per quarter. 18 U.S.C. § 3572(d) expressly allows a sentencing court to set a installment payment schedule for fines. See Pinet, 345 Fed. Appx. at 807.

Respondent acknowledges that the January, 2007 IFRP contract required Petitioner to make $25.00 dollar monthly payments or $75.00 dollars per quarter. Clearly, the BOP's January 2007 IFRP calculation exceeds the $60.00 dollar quarterly payment amount limit imposed by the sentencing court. Respondent does not offer any argument or authority which would support a determination that the BOP had either the authority or discretion to exceed the installment payment amounts imposed by the Western District of Michigan. Moreover, under § 3572(d) the sentencing court was granted the authority to establish the terms of Petitioner's payment schedule during the course of his imprisonment.

Accordingly, since the January 2007 IFRP calculation exceeds the amount authorized by the sentencing court, McGee's pending argument is meritorious. Petitioner's request for federal habeas corpus relief will be granted in part and this matter will be remanded to the BOP with instructions for the BOP to recalculate

McGee's IFRP payment contract in complete accordance with the directives of the sentencing court.

**Photocopies**

Petitioner also contends that the BOP's improper action with respect to the IFRP has violated his right of access to the court in that he has been prevented from making photocopies of documents to support his § 2255 action. See Doc. 1, p. 1. Specifically, as a consequence of being on IFRP refusal status, Petitioner was limited to spending $25.00 per month at the commissary. This commissary restriction hindered his ability to obtain photocopying of documents which he intended to file in support of his § 2255 action. As partial relief in his pending matter, McGee requests that the BOP be ordered to provide him with free photocopying of those records which he intends to file in support of his § 2255 action. See id., pp. 1-4.

It has been repeatedly recognized that prisoners have no right to free photocopying for use in lawsuits. Johnson v. Moore, 948 F. 2d 517, 521 (9th Cir. 1991)("denial of free photocopying does not amount to a denial of access to the courts"); Harrell v. Keohane, 621 F. 2d 1059 (10th Cir. 1980); Jenkins v. Porfiro, Civil Action No. 3:CV-95-2048, slip op. at 1 (M.D. Pa. May 15, 1996) (Caputo, J.). It has also been held that there is no requirement that the government or a defendant has to pay for an indigent plaintiff's discovery efforts. Smith v. Yarrow, 78 Fed. Appx. 529, 544 (6th

Cir. 2003). Simply put, prison officials are not constitutionally required to relieve McGee of reasonable payment for the photocopying of documents.

Second, this Court agrees with Respondent's argument that McGee's request to be provided with free photocopying is subject to dismissal on the basis of mootness, since Petitioner's § 2255 action is no longer pending. See Doc. 28, p. 8. Accordingly, the portion of Petitioner's action which requests to be provided with free photocopying of legal documents will be dismissed. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 17th, 2011

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN A. MCGEE, :
:
       Petitioner :
:
v. : CIVIL NO. 3:CV-08-1663
:
WARDEN JERRY MARTINEZ, :
: (Judge Conaboy)
:
       Respondent :

**ORDER**

AND NOW, THEREFORE, THIS 17th DAY OF NOVEMBER, 2011, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is GRANTED IN PART.
2. This matter will be remanded to the BOP with instruction to recalculate McGee's IFRP payment contract in complete accordance with the directives of the sentencing court.
3. Petitioner's request to be provided with free photocopying of legal documents is DENIED.
4. The Clerk of Court is directed to CLOSE the case.

                                             /s/ Richard P. Conaboy
                                             RICHARD P. CONABOY
                                             United States District Judge